UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GAREDAKIS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BRENTWOOD UNION SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No. 14-cv-04799-PJH (DMR)<br><br>**ORDER RE: JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 56 |

The parties have filed a joint discovery letter. [Docket No. 56.] The parties agree that this case requires a protective order, as litigation may potentially reveal sensitive information. They also agree to adopt the court's Model Protective Order ("MPO")[1] in large part. However, they propose competing modifications to the MPO's definition of "Confidential Information or Items" in Section 2.2. The court finds that this matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b).

## I.   BACKGROUND

Six special education students and their families filed this lawsuit. The students were all assigned to the classroom of Defendant Dina Holder, a special education teacher at Loma Vista and Krey Elementary Schools in Brentwood, California. In the Second Amended Complaint ["SAC", Docket No. 35], Plaintiffs allege that Holder subjected her students (who then ranged from ages three to six) to verbal, psychological, and physical abuse over a period of approximately four years, from the 2008-2009 to the 2012-2013 school years. SAC at ¶¶ 28-29.

The other individually-named Defendants are current and former BUSD administrators.

---

[1] The MPO is available online at http://www.cand.uscourts.gov/model-protective-orders.

1  *Id.* at ¶¶ 16-22. The SAC alleges that as early as 2008, these Defendants had knowledge that
2  students in Holder's classroom were being subjected to abuse or neglect; had an obligation to
3  protect the students but did not do so; failed to adequately train their employees; failed to
4  adequately supervise the special education program; failed to remove Holder from the classroom;
5  and failed to take any measures in response to reports of abuse by Holder. *Id.* at ¶¶ 30-37.

## II.   DISCOVERY DISPUTE

Section 2.2 of the MPO defines information that is considered confidential:

> 2.2  "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

Federal Rule of Civil Procedure 26(c), in turn, authorizes a court to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. Fed. R. Civ. P. 26(c)(1).

On top of this standard definition, the parties agree that the protective order should incorporate stipulations and protective orders from previous lawsuits involving the same events. However, Plaintiffs' proposal does not cover material from the previous lawsuits that has become part of the public domain. The parties competing proposals are as follows:

| **Plaintiffs' Proposed Language** | **Defendants' Proposed Language** |
|---|---|
| This Stipulation and Protective Order incorporates the Stipulations and Protective Orders previously entered into in the *Phelan v. Brentwood Union School District*, Case No. C 12-00465 (LB) and *Guerrero, et al. v Brentwood Union School District* litigation (C-13-03873-LB) which remain in full force and effect *except to the extent that information has become part of the public domain pursuant to Section 3 below*. [emphasis added] | This Stipulation and Protective Order incorporates the Stipulations and Protective Orders previously entered into in the *Phelan v. Brentwood Union School District*, Case No. C 12-00465 (LB) and *Guerrero, et al. v Brentwood Union School District* litigation (C-13-03873-LB) which remain in full force and effect. |

The parties also propose that specific categories of documents be deemed confidential, but disagree as to which categories:

| Plaintiffs' Proposed Language | Defendants' Proposed Language |
|---|---|
| In addition, the parties agree that the following information or items are deemed "CONFIDENTIAL" and as such shall not be disclosed to any individuals not listed in paragraph 7.2 of this Stipulation and Order:<br><br>(a) All documents and information derived there from [and] deemed CONFIDENTIAL in the *Phelan v. Brentwood Union School District* and *Guerrero v. Brentwood Union School District* litigation;<br><br>(b) Medical and psychological records and information derived from [or] pertaining [to] any Party. | In addition, the parties agree that the following information or items are deemed "CONFIDENTIAL" and as such shall not be disclosed to any individuals not listed in paragraph 7.2 of this Stipulation and Order:<br><br>(a) All documents and information derived there from [and] deemed CONFIDENTIAL in the *Phelan v. Brentwood Union School District* and *Guerrero v. Brentwood Union School District* litigation;<br><br>(b) The depositions of the parties in this case, including the deposition transcripts in written and/or video tape form and any exhibits thereto;<br><br>(c) The depositions of witnesses in this case including the deposition transcripts in written and/or video tape form and any exhibits thereto;<br><br>(d) Documents and information derived from and/or pertaining to the Minor Plaintiffs including but not limited their medical and psychological treatment and evaluation records, their academic and special education records and consultant/expert assessments.<br><br>(e) Documents and information derived from and/or pertaining to the adult Plaintiffs including but not limited their medical and psychological treatment and evaluation records and consultant/expert assessments;<br><br>(f) Documents and information derived from and/or pertaining to the defendants and/or other current or former Brentwood Union district employees including but not limited to their personnel and training records, evaluations, compensation, benefits, payroll records, and record of discipline;<br><br>(g) All discovery served and responses thereto in this action. |

### III. LEGAL STANDARDS

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P.

3

26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by (1) prohibiting disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3) preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. GMC*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Phillips ex rel. Estates of Byrd v. GM Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) ("The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information[.]").

Federal common law clearly recognizes the right of the public "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978). "It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). The common law right creates a "strong presumption in favor of access." *Id.* However, this presumption "can be overcome by sufficiently important countervailing interests," i.e., if "good cause" is shown pursuant to Federal Rule of Civil Procedure 26(c). *Id.* "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* (citations omitted). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips*, 307 F.3d

4

at 1211. "In balancing private and public interests, courts have looked to the following factors: (1) whether disclosure will violate any privacy interests; (2) whether the information being sought is for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefiting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public." *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827 n. 6 (9th Cir. 2004) (citing *Phillips*, 307 F.3d at 1211-12).

## IV.   DISCUSSION

### A.   Documents in the Public Domain

One aspect of Defendants' Section 2.2 proposal is that any information designated confidential in the prior lawsuits must be deemed confidential in this lawsuit, even if it has since entered the public domain. In contrast, Plaintiffs' proposal would incorporate the stipulations and protective orders from the previous litigations "except to the extent that information has become part of the public domain pursuant to Section 3 [of the MPO]."

Section 3 of the MPO defines the scope of the MPO's protections, which "cover not only Protected Material . . . but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material." Section 3 also notes that certain information is explicitly *not* covered by the MPO, including information that is already in the public domain: "[T]he protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of

5

confidentiality to the Designating Party."

Defendants' insistence on essentially reclaiming information in the public domain as confidential stems from their belief that protected information in the previous lawsuits was made public, but " not ... in accordance with the terms of [the governing] protective order[s]." Letter at 7.  Defendants make this conclusory statement but offer no details about the allegedly improper dissemination.  Indeed, Plaintiffs assert that they have never disclosed confidential information or violated any protective order.  To the extent that materials are in the public domain, they are already accessible to the public.  No interest will be served by prohibiting the public from accessing those materials in this lawsuit.

Accordingly, Defendants have not shown good cause for preventing the disclosure of information already in the public domain.

### B. Additional Categories of Confidential Documents

Plaintiffs and Defendants agree on two categories of information.  First, they concur that medical and psychological records and information, derived from or pertaining to any party, should be automatically deemed confidential.  Second, they agree that the minor Plaintiffs' academic and special education records should be designated as confidential.  *See* Docket No. 61.

Turning to the areas of disagreement, Defendants' proposed Section 2.2 would expand the categories of information automatically deemed confidential to include (1) any depositions of parties and witnesses in this case;  (2) information "derived from or pertaining to" the Minor Plaintiffs and the Adult Plaintiffs, including their medical and psychological treatment and evaluation records, their academic and special education records and consultant/expert assessments; (3) information "derived from or pertaining to" Defendants and/or any other BUSD employees, including their personnel and training records, evaluations, compensation, benefits, payroll records, and records of discipline"; and (4) all discovery requests and responses in this case.

As a general matter, each of these categories is impermissibly broad.  Categories (1) and (4) would automatically deem all discovery to be confidential, regardless of whether it includes any confidential or sensitive information.  Categories (2) and (3) would deem confidential any

information "derived from or pertaining to" all Plaintiffs and Defendants; read literally, this could cover all relevant information in this case. Defendants offer little specific justification for these sweeping designations.

Plaintiffs acknowledge that confidential information undoubtedly exists within the categories of material that Defendants wish to presumptively protect from public disclosure.[2] However, Plaintiffs argue that the blanket designation of entire categories of information is unnecessary because the MPO provides a suitable, targeted designation procedure. The court agrees with Plaintiffs. Nothing prevents a party from designating specific information as confidential under the MPO. The measures permitted under the MPO and the Local Civil Rules provide sufficient protection against the disclosure of truly sensitive information, while protecting against over-designation, which could impede a party's discovery efforts, and could also improperly block information from public purview.

Defendants also argue that good cause exists for its proposal because the allegations in this lawsuit suggest that BUSD personnel were complicit in or responsible for the alleged abuse of disabled children. "[A]ny public association with the Plaintiffs' allegations would cause significant reputational damage, extending beyond mere embarrassment, to Defendants, District employees, and other third-party witnesses." Letter at 5, 7. This is the type of "broad allegation[] of harm, unsubstantiated by specific examples or articulated reasoning" that does not satisfy a party's burden of showing good cause. *Foltz*, 331 F.3d at 1130. Defendants' concern that any BUSD personnel identified during discovery would be damaged by the association with this case is speculative. Even if this anticipated harm were sufficiently particularized, the balance of public and private interests weight in favor of denying the expansive protections sought by Defendants. BUSD is a public entity and the individually-named Defendants are public administrators; other BUSD personnel who may be identified during discovery would also be public employees. The lawsuit involves allegations of child abuse in a public school and the sufficiency of the school

---

[2] For example, "Plaintiffs agree that some portions of [some] documents and information should be confidential (e.g., Social Security numbers, medical information, benefit applications, etc.)." Letter at 3.

7

district's response. These issues are important to the public. Disclosure of information pertaining to Defendants or other BUSD violates no identified privacy interests other than those individuals' interest in not being embarrassed by association with a controversial subject matter. Under these circumstances, the court concludes that Defendants have not demonstrated good cause for Defendants' proposed blanket designation of categories of information as confidential.

## V.   CONCLUSION

The MPO offers a streamlined process for designating confidential information, for challenging that designation, and for the court to intervene when the parties cannot resolve their disputes. Defendants have not demonstrated good cause for extending the MPO to presumptively cover broad categories of information that could sweep in information, whether it is actually confidential or not. Accordingly, the parties' protective order shall include the following as Section 2.2:

> 2.2 "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).
>
> This Stipulation and Protective Order incorporates the Stipulations and Protective Orders previously entered into in the *Phelan v. Brentwood Union School District*, Case No. C 12-00465 (LB) and *Guerrero, et al. v Brentwood Union School District* litigation (C-13-03873-LB) which remain in full force and effect except to the extent that information has become part of the public domain pursuant to Section 3 below.
>
> In addition, the parties agree that the following information or items are deemed "CONFIDENTIAL" and as such shall not be disclosed to any individuals not listed in paragraph 7.2 of this Stipulation and Order:
>
> (a) All documents and information derived there from and deemed CONFIDENTIAL in the *Phelan v. Brentwood Union School District* and *Guerrero v. Brentwood Union School District* litigation;  and
>
> (b) Medical and psychological records and information derived from or pertaining to any Party.

**IT IS SO ORDERED.**

Dated: April 27, 2015                              _____
                                                                     Donna M. Ryu
                                                                     United States Magistrate Judge