UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GAREDAKIS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BRENTWOOD UNION SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No. 14-cv-04799-PJH   (DMR)<br><br>**ORDER RE DISCOVERY LETTER**<br>Re: Dkt. No. 145 |

Before the court is the parties' joint discovery letter. [Docket No. 145.] Plaintiffs move to quash a subpoena issued by Defendant Brentwood Unified School District ("BUSD") for employment and psychological records of Plaintiff Lawrence Gullo, the father of minor Plaintiff B.G. Having considered the parties' arguments and submissions, the court grants Plaintiffs' motion in part.

## I.   BACKGROUND

Plaintiffs in this action include six minor children who allege they suffered abuse by Defendant Dina Holder when they were students in her special education classroom. The remaining Plaintiffs are the parents and guardians of the six minors. Plaintiff B.G. was a student in Holder's classroom from 2009 to 2011. Third Amended Complaint "TAC" [Docket No. 106.] ¶ 94. Plaintiff Gullo became aware of Holder's mistreatment of students in January 2013. TAC ¶ 100. Gullo and B.G., along with all of the other plaintiffs, seek emotional distress damages and have also pleaded claims for intentional infliction of emotional distress. TAC ¶ 148.

This discovery dispute concerns BUSD's subpoenas to obtain Gullo's psychological records, as well as his employment records from his tenure as a police officer for the City of San Jose. BUSD contends that these records are relevant to Gullo's request for emotional distress damages as well as his claim for intentional infliction of emotional distress. BUSD argues that the

1 records may indicate other possible causes of Gullo's distress and could also shed light on the
2 causes of distress allegedly suffered by B.G. Plaintiffs object to the discovery on privacy and
3 privilege grounds, and move to quash both subpoenas.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 45 governs subpoenas for third party discovery. Fed. R. Civ. P. 45. The Advisory Committee Notes to Rule 45 state that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules," which in turn is the same as under Rule 26(b). Advisory Committee Notes to 1970 Amendment. Rule 26(b) permits relevant and proportional discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*.

Rule 45 provides that "on timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv). "[A] court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Gonzales v. Google*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citation omitted). The party who moves to quash a subpoena bears the "burden of persuasion" under Rule 45(c)(3). *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (citations omitted).

## III.   ANALYSIS

As a threshold matter, this court exercises federal question jurisdiction over Plaintiffs' federal Americans with Disabilities Act and Rehabilitation Act of 1973 claims pursuant to 28 U.S.C § 1331, and supplemental jurisdiction over Plaintiffs' pendent state law claims. Federal

2

privilege law generally applies in federal question cases. Fed. R. Evid. 501, Advisory Committee Notes ("In nondiversity jurisdiction civil cases, federal law privilege will generally apply.") However, "[i]n civil actions and proceedings, where the rule of decision as to a claim or defense or as to an element of a claim or defense is supplied by state law . . . state privilege law [applies]." *Id.* While the "interplay of these two principles has created somewhat inconsistent case law regarding the application of federal privilege doctrine to pendent state law claims in federal question cases," *Love v. Permanente Med. Grp.*, No. C-12-05679 WHO (DMR), 2013 WL 4428806, at *2-4 (N.D. Cal. Aug. 15, 2013) (discussing cases), the Ninth Circuit has held that "[w]here there are federal question claims and pendent state law claims present, the federal law of privilege applies." *Agster v. Maricopa Cty.*, 422 F.3d 836, 839 (9th Cir. 2005). The court will therefore rely on federal law in its analysis.

### A. Psychological Records

BUSD seeks "all records maintained concerning [Gullo] by David A. Devine, Ph.D., Mr. Gullo's psychologist." BUSD contends that these psychological records are relevant to claims and defenses relating to Gullo's request for emotional distress damages and his claim for intentional infliction of emotional distress. In response, Plaintiffs initially asserted that Gullo had not placed his mental state "in controversy," and therefore did not waive the psychotherapist-patient privilege. Discovery Letter at 3. However, at the hearing, Plaintiffs' counsel shifted position and asserted that in proving his claims and damages, Gullo intends to affirmatively rely on his psychological records and mental health expert testimony, and will also assert that his emotional distress is ongoing.

Psychological records and communications are protected by the psychotherapist-patient privilege, which was first established in *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). *Jaffee* analogized the psychotherapist-patient privilege to the marital and attorney-client privileges. *Id.* at 10. Like these other privileges, the Court noted the possibility of waiver but did not provide specific guidance. *Id.* at 15 n.14. Courts in the Ninth Circuit have taken different approaches to the waiver issue. *Fitzgerald v. Cassil*, 216 F.R.D. 632, 636 (N.D. Cal. 2003). These approaches fall into three categories: broad, middle-ground, and narrow. *Id.*

1   Under the broad approach, an allegation of emotional distress in the complaint constitutes
2   waiver. *Fitzgerald*, 216 F.R.D at 636 (citing *Doe v. City of Chula Vista*, 196 F.R.D. 562, 569
3   (S.D. Cal. 1999)). The reasoning behind this approach is that if a plaintiff claims emotional
4   distress, the defendant should be able to challenge the claim thoroughly, including an inquiry into
5   the existence of other sources that may have caused the distress. *Doe*, 196 F.R.D. at 569.

6   The middle-ground approach will deem the privilege waived if a plaintiff asserts more than
7   "garden variety" emotional distress. *Fitzgerald*, 216 F.R.D. at 637. A claim exceeds "garden
8   variety" emotional distress if it meets the criteria for entitlement to a Rule 35(a) independent
9   medical exam: (1) plaintiff pled a cause of action for intentional or negligent infliction of
10  emotional distress; (2) plaintiff alleged a specific mental injury; (3) plaintiff has a claim for
11  unusually severe emotional distress; (4) plaintiff plans to offer expert testimony to support a claim
12  of emotional distress; and/or (5) plaintiff concedes that mental condition is in controversy. *Id*. at
13  637-38; *Turner v. Imperial Stores*, 161 F.R.D. 89, 92-93 (1995) (establishing the *Turner* test for
14  waiver subsequently used by courts when adopting the middle-ground approach).

15  Under the narrow approach, the privilege is waived only if there is affirmative reliance on
16  psychotherapist-patient communications. *Fitzgerald*, 216 F.R.D at 636. Courts in this district
17  have most consistently adopted the narrow approach. *See*, e.g. *Stallworth v. Brollini*, 288 F.R.D.
18  439, 443 (N.D. Cal. 2012) (collecting cases).[1] The burden of establishing non-waiver falls on the
19  party asserting the privilege. *Fitzgerald*, 216 F.R.D. at 636.

20  Neither party addressed the three approaches to waiver. However, based on the statements
21  of Plaintiffs' counsel at the hearing, it is clear under any approach that Gullo has waived his
22  psychotherapist-patient privilege by representing his intent to rely on treatment records, as well as
23  expert testimony in support of his emotional distress claims. Therefore, at least some discovery
24  into Gullo's psychological records is appropriate.

25  Here, BUSD does not limit its request by time period. At the hearing, Plaintiffs' counsel
26
27  ---
    [1] *See also Weiland v. City of Concord*, No. 13-cv-5570-JSC, 2014 WL 535876, at *2 (N.D. Cal. Oct. 20, 2014); *Batts
28  v. County of Santa Clara*, No. 08-00286-JW(HRL), 2009 WL 37372003, at *1 (N.D. Cal. Aug. 25, 2009); *EEOC v.
    Peters' Bakery*, 301 F.R.D. 482, 485 (N.D. Cal. 2014) (explicitly rejecting the broad standard).

4

represented that Gullo will restrict his emotional distress claims to the period after he first learned about Holder's abusive conduct in mid-January 2013. Therefore, Gullo has placed his mental health at issue only from mid-January 2013 onward. However, some discovery prior to this date is relevant to identify other potential contributors to the emotional distress that Gullo attributes to Defendants in this case. BUSD is therefore entitled to Gullo's psychological records from January 2011 to the present.

### B.     Personnel Records

Defendant seeks the following personnel records from Gullo's former employer:

a.     Personnel records including employment application/resume, performance evaluations, records of disciplinary action, disability claims, workers compensation claims, and medical records pertaining to individual's employment

b.     Payroll records including salary, wages, commissions or other remuneration paid or held by the employer, W-2 forms, time sheets and records of time off the job and reasons therefore, including sick leave and vacation.

BUSD asserts that Gullo's personnel records are relevant to his emotional distress claims, as well as the distress claimed by his minor son B.G. Gullo argues that the discovery is irrelevant, and that disclosure of his personnel files would violate his right to privacy. BUSD responds that its need for the personnel records outweighs Gullo's privacy concerns because Gullo already discussed work-related topics at his deposition, and the protective order entered in this matter is sufficient to protect Gullo's privacy interests.

"Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *Breed v. U.S.D.C., Northern District*, 542 F.2d 1114, 1116 (9th Cir. 1976); *Soto v. City of Concord*, 162 F.R.D 603, 616 (N.D. Cal. 1995) (collecting cases). Personnel files are protected by the constitutional right to privacy. *Bickley v. Schneider Nat. Inc.*, Case No. 08–5806-JSW (JL), 2011 WL 1344195, at *2 (N.D. Cal. April 8, 2011) (collecting cases). In ruling on discovery, courts must balance the right to privacy against the need to access the information in the interests of fairness and justice of the pending litigation. *Id*. Production of personnel records may be wholly denied or the disclosure narrowly tailored to

balance the needs of the case against a party's reasonable expectation of privacy. *Luck v. University of San Diego*, Civil No. 13-cv-3088-JLS (BGS), 2014 WL 7111950, at *4 (S.D. Cal. Oct. 3, 2014).

The temporal scope of discovery orders should be limited to a reasonable time based on the parties' allegations. *Tumbling v. Merced Irrigation District*, 262 F.R.D. 509, 515 (E.D. Cal. 2009) (collecting cases). The failure to include time restrictions in the subpoenas may render them overbroad. *EEOC v. Vista Unified Sch. Dist.*, Case No. 07-1825-IEG (LSP), 2008 WL 4937000, at *2 (C.D. Cal. Nov. 17, 2008).

BUSD first asserts that Gullo's employment records are relevant to his own emotional distress claims. The court finds that some information from Gullo's San Jose police department personnel files may be relevant if dated within two years of Gullo's claimed emotional distress. As noted above, Plaintiffs' counsel represented that Gullo will not claim any emotional distress that pre-dates mid-January 2013. BUSD seeks employment records through May 2011, when Gullo retired from the San Jose police force. Therefore, BUSD may only discover Gullo's San Jose police department personnel records from January 2011 to May 2011. Moreover, BUSD is permitted discovery only into those personnel records that are likely to lead to discovery of admissible evidence of other stressors that Gullo identified in his deposition. These include documents that specifically relate to job separation, spinal fusion surgery and related medications, marital infidelity and marital separation, changes in hours and duties at work, and Ms. Gullo's request for a temporary restraining order against Mr. Gullo. The parties shall meet and confer to develop a procedure for ensuring that the production of responsive documents is consistent with this order.

BUSD next asserts that Gullo's employment records are relevant to his son B.G.'s claims. BUSD reasons that due to B.G.'s young age and communicative disabilities, Gullo's records may evince other possible stressors affecting B.G.'s alleged distress against Defendants. This assertion is too attenuated, and does not justify a broader production of personnel records than ordered above.

## IV. CONCLUSION

As to Gullo's psychological records, the motion to quash is **granted in part.** BUSD is entitled to discovery of the requested treatment records for the period January 2011 to the present. As to Gullo's personnel records from the San Jose police department, the motion to quash is **granted in part**. Discovery is permitted only as to records from the period January 2011 to Gullo's retirement that bear on the specific other likely stressors identified by Gullo in his deposition and recited in this order.

**IT IS SO ORDERED.**

Dated: March 23, 2016

Donna M. Ryu
United States Magistrate Judge