UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GAREDAKIS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRENTWOOD UNION SCHOOL DISTRICT, et al., <br><br> Defendants. | Case No. 14-cv-04799-PJH <br><br> **ORDER RE PLAINTIFFS' ADMININSTRATIVE MOTIONS** |

Before the court are plaintiffs' motion for relief from a nondispositive order of the Magistrate Judge (Doc. 197); plaintiffs' motion for leave to file a surreply in opposition to defendants' motion for summary judgment (Doc. 199); and an oral motion made by plaintiffs' counsel at the April 13, 2016 hearing on defendants' motion for summary judgment, seeking leave to supplement plaintiffs' opposition to the summary judgment motion, to provide citations to evidence.

First, with regard to the motion for relief from Judge Ryu's order that psychological and employment records of plaintiff Lawrence Gullo be produced pursuant to a subpoena issued by defendants, the request is DENIED. The court is persuaded by defendants' argument that they should be permitted to review the Gullo records with plaintiffs' counsel and meet and confer regarding whether any of the records are relevant to the issues remaining in the case. However, defendants need not be provided access to the records until after the court has issued its ruling on defendants' motion for summary judgment.

Second, with respect to the motion for leave to file a surreply to respond to defendants' arguments regarding plaintiffs' Exhibits 40, 47, and 48 (the declarations of

the non-party parents), the request is DENIED.  The list of names and contact information of parents whose children attended Dina Holder's class or who complained about Dina Holder was provided to plaintiffs on January 19, 2016.  Plaintiffs filed the declarations of Rebecca Bingham, Cynthia Ruiz, and Kimberly Jones in support of their reply to defendants' motion for summary judgment on March 23, 2016.  They never disclosed the three declarants as witnesses, despite having had the information in their possession for more than two months.

Plaintiffs argue that their failure to disclose the witnesses should be excused. Plaintiffs assert that because the contact information for the three witnesses was included as part of the contact information for the more than 70 children who were in Holder's class or whose parents complained about Holder, they were not required to disclose that three parents out of this group would be submitting declarations in support of plaintiffs' positions in this case.  The court disagrees.  Parties have an ongoing obligation to supplement their disclosures made under Rule 26(a).  See Fed. R. Civ. P. 26(e).

Third, with regard to the motion for leave to supplement the opposition with citations (page and line numbers) of evidence submitted in support of the opposition, the request is DENIED because of the prejudice to defendants, who previously filed a reply based on that opposition.  Were the court to permit plaintiffs to supplement the opposition with details that they should have included in the original opposition, the court would be obligated to allow defendants to supplement their reply to take into account the new citations.

**IT IS SO ORDERED.**

Dated:  April 14, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge