UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL GAREDAKIS, et al.,

    Plaintiffs,

    v.

BRENTWOOD UNION SCHOOL DISTRICT, et al.,

    Defendants.

Case No. 14-cv-04799-PJH

**ORDER RE BRENTWOOD UNION SCHOOL DISTRICT DEFENDANTS' MOTION FOR ATTORNEY'S FEES**

On February 24, 2017, the court issued an order (Doc. 282) granting the motion of defendants Brentwood Union School District, Lauri James, Brian Jones, Jean Anthony, Margo Olson, Margaret Kruse, and Merrill Grant ("Brentwood defendants") for defense costs including attorney's fees pursuant to California Code of Civil Procedure § 1038. In their motion, originally filed on July 13, 2016 (Doc. 239), defendants requested $578,854.20 in fees and costs. In the February 24, 2017 order, the court deferred ruling on the amount of the award pending further briefing.

Under the California Tort Claims Act ("CTCA"), Cal. Gov't Code § 810, et seq., a person who wishes to sue a public entity "for money or damages" based on a state-law cause of action relating to personal injuries must first present a claim to the entity within six months of the date the cause of action accrues. See Cal. Gov't Code §§ 911.2, 945.4. Compliance with the CTCA filing requirements is mandatory. Cal. Gov't Code § 945.4. Failure to present a claim within this six month period is a bar to future tort suits. See San Jose v. Superior Court, 12 Cal. 3d 447, 455 (1974); Renteria v. Juvenile Justice,

1 | 135 Cal. App. 4th 903, 908-09 (2006).

Here, some of the plaintiffs filed no CTCA claims at all; others filed CTCA claims, but the claims were denied by the Brentwood Union School District as untimely, and none of those plaintiffs sought leave to file a late claim or attempted to appeal the denial. California Code of Civil Procedure § 1038 "provides public entities with a protective remedy for defending against unmeritorious litigation." Knight v. City of Capitola, 4 Cal. App. 4th 918, 931 (1992) (citation and quotation omitted). Section 1038 permits a public entity to recover defense costs, including attorney's fees, from a plaintiff who files a civil action under the CTCA without "reasonable cause" or a "good faith belief that there was a justifiable controversy under the facts and law which warranted the filing of the complaint[.]" Cal. Civ. P. Code § 1038.

Here, the basis for defendants' motion for fees and costs was that plaintiffs had asserted state-law claims against them in the present action but had failed to submit timely claims under the CTCA before filing suit. The request for fees and costs under § 1038 was based solely on work performed by defendants' counsel in defending against the state law claims.

Plaintiffs made various arguments in opposition to defendants' motion. The only argument that the court found to be potentially meritorious was plaintiffs' contention that even if the Brentwood defendants were entitled to fees and costs, the award should be reduced because of plaintiffs' limited financial resources and their inability to pay the claimed amount. Plaintiffs attached declarations from the parents of the minor plaintiffs, but the court found that those declarations did not include sufficient information.

The court found that the Brentwood defendants were entitled to fees and costs under § 1038. The court deferred ruling on the amount of the award, and requested that the parties provide any available California authority on the subject of whether the court should take plaintiffs' financial condition into account in determining the amount of an award of fees and costs under § 1038, and also requested that plaintiffs provide additional declarations supporting their claim that they lack sufficient financial resources

2

1 to pay the fees and costs owed to the Brentwood defendants. The court specified that the declarations should be similar to the affidavits required in this district of plaintiffs seeking to proceed with a lawsuit in forma pauperis, with supporting documentation showing their income and financial resources.

On March 17, 2017, plaintiffs filed a supplemental brief. Plaintiffs concede that they have uncovered no California authority authorizing the court to consider a plaintiff's financial resources when deciding whether to award fees and costs under § 1038, but argue that the court should apply "strong public policies" under Federal Rule of Civil Procedure 54 to prevent the imposition of potentially financially ruinous fee awards. Plaintiffs acknowledge that in an action involving state law claims, a federal court applies the law of the forum state to determine entitlement to attorney's fees, but assert that this is true only if the state law does not conflict with a valid federal statute or procedural rule.

They contend that they have shown in their declarations that paying the fees requested by defendants would ruin them financially, and assert that imposition of such a sum ($115,770.84 per family) would conflict with "clearly expressed policy" of federal courts in applying Rule 54(d)(1). The contend that under Rule 54(d)(1), the court has discretion to decline to award fees and costs to a prevailing party, which they urge the court to do in this case.

Plaintiffs also argue that because district courts in federal civil rights cases are required to consider the financial resources of the plaintiffs in awarding fees to prevailing defendants under 42 U.S.C. § 1988 (applicable to claims under 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964, and § 504 of the Rehabilitation Act) and 42 U.S.C. § 2000e-5 (applicable to claims under Title VII of the Civil Rights Act of 1964), the court here should do the same.

Plaintiffs have submitted declarations from Danielle Gullo (parent and guardian ad litem of B.G.), Lawrence Gullo (parent of B.G.), Michael Garedakis (parent and guardian ad litem of M.G.), Yolanda Jackson (guardian ad litem of A.G.), Ahmad Razaqi (parent of E.R.), Dania Razaqi (parent and guardian ad litem of E.R.), and Viviana Rose (parent

and guardian ad litem of B.R.). In their declarations, plaintiffs all assert that they do not have the financial resources to pay defendants' fees and costs.

The Brentwood defendants argue that the court should reject plaintiffs' proposal that the court consider their financial resources based on federal case law interpreting the attorney's fees provisions contained in § 1988 and Title VII. In particular, defendants note, those federal statutes expressly grant the trial court the discretionary authority to award fees ("in its discretion, the court may allow"), whereas § 1038 is not discretionary, as it provides that an award of defense costs including attorney's fees is mandatory after entry of summary judgment and upon a finding that a claim against a public entity is frivolous or brought in bad faith ("the court shall render judgment in favor of that party in the amount of all reasonable and necessary defense costs"). Thus, defendants argue, federal courts' interpretations of § 1988 – including the provision that a plaintiff's financial condition should be taken into consideration as part of the court's discretionary authority to award fees – simply do not apply in this context.

Additionally, defendants assert, plaintiffs have failed to provide the financial information requested by the court, as they have not submitted declarations similar to the affidavits required in this district of plaintiffs seeking to proceed in forma pauperis. For example, defendants note, plaintiffs have not provided information regarding whether they own a home, and if so, the value of that home, and have not specified the present value of their bank accounts or other financial accounts or property.

The court already determined that the Brentwood defendants are entitled to recover fees and costs under Code of Civil Procedure § 1038, because plaintiffs pursued the state-law claims without reasonable cause. Reasonable cause exists "if the claim is legally sufficient and can be substantiated by competent evidence." Antounian v. Louis Vuitton Malletier, 189 Cal.App.4th 438, 449 (2010). Reasonable cause to file the state-law claims in the present action did not exist because, as indicated above, the filing a timely CTLA claim is a prerequisite to filing a lawsuit seeking tort damages against a public entity.

Thus, given that the court has already determined that the Brentwood defendants are entitled to recover fees and costs under § 1038, plaintiff's contention that the court should ignore § 1038 and apply a standard derived from Rule 54 and federal civil rights fee-shifting statutes is misplaced and non-responsive. In addition, as defendants correctly point out, an award of fees/costs under § 1038 is mandatory, whereas the decision whether to award fees under the federal fee-shifting statutes rests with the discretion of the district court.

As for the amounts plaintiffs should be required to pay, there is no California authority holding that the court should consider the losing party's ability to pay in reaching that determination. This alone is sufficient to deny plaintiffs' request that the court consider their financial resources and ability to pay. While the court has discretion to determine whether the hours claimed by counsel were "reasonably and necessarily incurred," see Cal. Civ. P. Code § 1038(a), the court has no discretion in determining whether to award fees and costs: "If the court should determine that the proceeding was not brought in good faith and with reasonable cause, . . . the court shall render judgment in favor of [the defendant] in the amount of all reasonable and necessary defense costs[.]" Cal. Civ. P. Code § 1038(a) (emphasis added). Thus, the only discretion is with regard to determining which costs were reasonably and necessarily incurred by defendants.

In their opposition to the Brentwood defendants' motion, plaintiffs did not challenge the time spent or the number of hours claimed. In this court's experience, the billing rates claimed by defendants' counsel were extremely low for a Bay Area law firm – in the range of 50% or less than the rates claimed in attorney's fees motions generally. In addition, the court has reviewed the declarations of defendants' counsel and the attached materials, including counsel's detailed time records (Docs 239-1 to 239-9), and finds the amounts claimed to have been reasonably and necessarily incurred by defendants in connection with their defense against the state-law claims.

Plaintiffs declarations do not comply with the court's instruction to submit

information similar to the information the court requires of plaintiffs seeking to proceed in forma pauperis. Nevertheless, the adequacy of the declarations is a moot point, as the award of fees under § 1038 to a prevailing public entity defendant is mandatory, and there is no statutory or case authority requiring the court to consider the financial resources of the losing plaintiffs.

Finally, it may be that plaintiffs pursued the state-law claims without first filing timely CTLA claims solely on advice of counsel, without having any understanding of the CTLA requirements. Thus, it would arguably be more equitable if the burden of paying the fees were shifted to plaintiffs' counsel. The Brentwood defendants suggested in their reply to plaintiffs' opposition to the original motion for fees and costs that the court should consider ordering plaintiffs' counsel to pay the fees as a sort of sanction, but as the court noted in the February 24, 2017, order, defendants filed a motion seeking relief under § 1038, not under 28 U.S.C. § 1927 or pursuant to the court's inherent power.

As for § 1038, while the statute is silent on whether defense costs may be imposed on counsel, the California Court of Appeal has held that a court may not impose § 1038 defense costs on a plaintiff's attorney even if counsel lacked reasonable cause and good faith in filing or maintaining a tort action against a public entity. Settle v. State of Calif., 228 Cal. App. 4th 215, 219 (2014); see also Suarez v. City of Corona, 229 Cal. App. 4th 325, 333-34 (2014).

## CONCLUSION

In accordance with the foregoing, the court GRANTS the Brentwood defendants' motion for fees and costs under California Code of Civil Procedure § 1038, in the amount of $578,854.20.

**IT IS SO ORDERED.**

Dated: July 13, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge