UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GAREDAKIS, et al., <br> Plaintiffs, <br> v. <br> BRENTWOOD UNION SCHOOL DISTRICT, et al., <br> Defendants. | Case No. 14-cv-04799-PJH <br><br> **ORDER GRANTING MOTION FOR SETTLEMENT** <br><br> Re: Dkt. No. 352 |

Before the court is plaintiff M.G., a minor, by and through his guardian ad litem Michael Garedakis' motion for order confirming settlement. Dkt. 352. The matter is fully briefed and suitable for decision without oral argument. Having read plaintiff's unopposed motion, and carefully considered plaintiff's arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiff's motion for the following reasons.

**BACKGROUND**

A full recitation of the facts can be found in the court's April 29, 2016 order regarding defendants' motion for summary judgment. Dkt. 218. As relevant here, plaintiff M.G. is the sole remaining plaintiff in this case and has reached a settlement with defendants on plaintiff's remaining state law claims.

**DISCUSSION**

**A.  Legal Standard**

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren,

1  638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district
2  court 'must appoint a guardian ad litem—or issue another appropriate order—to protect a
3  minor or incompetent person who is unrepresented in an action.'" Id. (quoting Fed. R.
4  Civ. P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs,
5  this special duty requires a district court to 'conduct its own inquiry to determine whether
6  the settlement serves the best interests of the minor.'" Id. (quoting Dacanay v. Mendoza,
7  573 F.2d 1075, 1080 (9th Cir. 1978)).

In cases involving approval of a settlement related to a minor's federal claims, courts "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." Id. at 1181–82 (citing Dacanay, 573 F.2d at 1078).

Robidoux limited its holding to federal claims. 638 F.3d at 1179 n.2. However, district courts have applied Robidoux's holding to a minor plaintiff's settlement of state law claims. See, e.g., Frary v. Cty. of Marin, No. 12-CV-03928-MEJ, 2015 WL 3776402, at *2 (N.D. Cal. June 16, 2015) (citing Mitchell v. Riverstone Residential Grp., No. Civ. S–11–2202 LKK, 2013 WL 1680641, at *1 (E.D. Cal. Apr. 17, 2013)). Accordingly, the court applies Robidoux's reasoning to plaintiff's state law claims.

**B.  Analysis**

Under the terms of the settlement, plaintiff M.G. will receive a net recovery of $115,000, which plaintiff's guardian ad litem requests be placed into a Special Needs Trust (the "Trust") under 42 U.S.C. § 1396p(d)(4)(A). Plaintiff has attached a redacted copy of the trust as Exhibit 1 to the motion. Plaintiff's attorneys have agreed to waive their claim for attorney's fees or for reimbursement of litigation costs. The parties have agreed to attorney's fees to the attorney responsible for preparation of the Trust.

Upon consideration of the facts of the case, plaintiff's claims and the potential for an adverse outcome in a pending state court appeal that may be dispositive of plaintiff's claims,[1] the terms of the settlement, and recoveries in similar cases, the court finds the settlement to be in the best interest of all of the parties and the amount of money that plaintiff will receive to be fair and reasonable.

## CONCLUSION

For the foregoing reasons, the court GRANTS plaintiff's motion and orders the following:

1. The court approves the settlement on behalf of the minor plaintiff M.G. as set forth in plaintiff's motion.
2. The court approves and directs the creation and funding of the special needs trust for minor plaintiff M.G., as described in Exhibit 1 to the motion.
3. The court authorizes and directs plaintiff M.G.'s guardian ad litem to execute any necessary documents, including releases, on behalf of M.G. to finalize the settlement and trust.
4. The court authorizes and directs the Trustee to execute any document necessary to establish the Trust and to establish accounts on behalf of the Trust.
5. The court directs the sum of $115,000.00 shall be allocated to and held within the Special Needs Trust.
6. The court orders that the Trustee of the Trust shall not be required to post bond or surety in this or any other jurisdiction.
7. The court orders that venue for ongoing oversight of the Trust shall lie with the Eighth Judicial District Court of the State of Nevada, in and for Clark County and that the Trustee of the Trust is obligated to handle all necessary

---

[1] The parties agree that a pending California Court of Appeal's decision on remand from the California Supreme Court, (see Big Oak Flat-Groveland Unified Sch. Dist. v. S.C., 444 P.3d 665 (Cal. 2019), may be dispositive of plaintiff's claims.

future filings and reporting necessary for oversight of the Trust by the Eighth Judicial District Court.

8. The court orders that attorney's fees in the amount of $2,000.00 shall be paid by the Trustee of the Special Needs Trust to The Law Offices of Laura E. Stubberud for preparation of the Trust for plaintiff.

**IT IS SO ORDERED.**

Dated: March 23, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge